UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK CV 13 DKT#: 3429
-----------------------------------------------------------
GEORGE CARMAN,

Plaintiff,                          **VERIFIED COMPLAINT**

- against -

                                    **JURY TRIAL DEMANDED**

CALL-A-HEAD CORP. and
CHARLES P. HOWARD,                  **VIA ECF**

Defendant.
-----------------------------------------------------------x

Plaintiff, GEORGE CARMAN (hereinafter "Plaintiff"), by his attorneys, LAW OFFICES

OF TREYVUS & KONOSKI, P.C., on behalf of himself and other similarly situated employees,

by and through his undersigned attorney, hereby files this Complaint against the Defendants,

CALL-A-HEAD CORP. ("CALL-A-HEAD") and CHARLES P. HOWARD (collectively,

"Defendants"), and respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, GEORGE CARMAN, alleges, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 et. seq. ("FLSA"), that he is entitled to recover from Defendants:

(1) unpaid overtime; (2) unpaid wages and unpaid minimum wages; (3) liquidated damages; and

(4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to

recover from Defendants:   (1) unpaid overtime; (2) unpaid wages and unpaid minimum wages;

(3) liquidated damages; and (4) attorneys' fees and costs.

1

## JURISDICTION AND VENUE

3. This Court has Jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on all issues in this matter.

## PARTIES

6. Plaintiff, GEORGE CARMAN, is a citizen of the United States, and at all relevant times a resident of the State of New York.

7. Defendant, CALL-A-HEAD, was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal executive office at 304 Crossbay Blvd., Broad Channel, New York, 11693.

8. Upon information and belief, Defendant, CHARLES P. HOWARD, is the Chairman of CALL-A-HEAD CORP.

9. Upon information and belief, Defendant, CHARLES P. HOWARD, is the Chief Executive Officer of CALL-A-HEAD CORP.

10. Plaintiff was employed by Defendants in Queens County, New York, from on or about January 10, 2013 until April 11, 2013.

11. At all relevant times, CALL-A-HEAD was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, GEORGE CARMAN, was directly essential to the business operated by CALL-A-HEAD.

13. At all relevant times, Defendants knowingly and willfully failed to pay GEORGE

2

CARMAN his lawfully earned wages and overtime wages in direct contravention of the FLSA and the New York Labor Law.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time from three years prior to the filing of this lawsuit through the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of eight hours per day and/or forty per work week and who were not paid the full minimum wage for all hours worked as Defendants only paid employees for forty hours per workweek, despite employees working in excess of forty hours (the "Collective Action Members").

16. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of 50 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

17. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment

3

law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

18. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

19. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employers fails in their duty to maintain time records;

    c. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    d. whether Defendants failed to pay the Collective Action Members full minimum wages for all hours worked, in violation of the FLSA and the regulations promulgated thereunder;

4

e.  whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of eight hours per day and/or forty hours per week, in violation of the FLSA and the regulations promulgated thereunder;

f.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h.  whether Defendants should be enjoined from such violations of the FLSA in the future.

20. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

21. At all relevant times, Defendants maintained and operated a portable toilet delivery and sanitation business.

22. Defendant employs manual laborers, such as Plaintiff, to perform work that is necessary and integral to the services Defendants provide to the parties they contract with.

23. The rate of pay of the Plaintiff was set by the defendant.

24. Starting on or about January 10, 2013 until on or about April 11, 2013, Plaintiff was employed as a cleaner of portable toilets on a route designated by Defendants.

25. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

26. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgement.

27. During the time period that Plaintiff was employed by Defendant, he was paid $17.50 per hour, for a total of $700 per 40-hour work week. The 40-hour work week was scheduled to be 10 hours per day from Monday through Thursday, with an additional 30 minute un-paid lunch break, which brought the total amount of hours that Plaintiff was working to 10.5 per day.

28. Plaintiff worked twelve to fifteen hours per day, four days per week, for a total of 48 to 60 hours per week.

29. Although Plaintiff was required to clock in and out each day, Defendants failed to credit Plaintiff for the hours he worked.

30. Instead, Plaintiff's paystubs automatically listed 40 hours per week worked, regardless of the number of hours Plaintiff actually worked.

31. Regardless of how many hours Plaintiff worked per week he was paid a flat salary of $700 per week.

32. Although Plaintiff was permitted a 30 minute un-paid lunch break, he often continued to work for the Defendants through the entirety of his lunch break. The Defendants did not pay the Plaintiff for the time when he worked through the entirety of his lunch breaks.

33. On other days, the Plaintiff would only take a partial lunch break before continuing to work for the Defendants. Although the work performed was for the sole benefit of the Defendants, the Plaintiff was not paid for the time he worked partially through his lunch breaks.

34. The Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law. In addition, Plaintiff was not compensated

6

at all for any hours worked over forty, and Plaintiff was not compensated for any time he spent working through his lunch break.

35. Plaintiff was employed by the Defendants from on or about January 10, 2013 until on or about April 11, 2013. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

36. Such individuals have worked in excess of 40 hours a week and more than 10 hours a day, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

37. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

7

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

38. Plaintiff, on behalf of himself and all the Collective Action Members, reallege and incorporate by reference paragraphs 1 through 37 as if they were set fourth again herein.

39. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

41. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

42. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

43. At all relevant times, the Defendants have a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

44. At all relevant times, the Defendants have a policy and practice of refusing to pay full minimum wages to its employees for all their hours worked over forty during their workweek.

45. As a result of the Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members/Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

8

46. As a result of the Defendants' failure to properly record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action Members/Class, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

48. Due to the Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members/Class, are entitled to recover from the Defendants, their unpaid overtime compensation, unpaid minimum wages, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

49. Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 48 as if they were set fourth again herein.

50. At all relevant times, Plaintiff and the members of the Collective Action/Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated Plaintiff's rights and the rights of the members of the Collective Action/Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

52. Defendants willfully violated Plaintiff's rights and the rights of the members of the

Collective Action/Class by failing to pay them an additional hour of pay for each hour worked in excess of ten in one day, in violation of the New York Labor Law and its regulations.

53. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Collective Action/Class are entitled to recover from Defendants their unpaid overtime compensation, unpaid minimum wages, unpaid spread of hours, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them, of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sur pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law.

c. An injunction against the Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in convert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

10

d.  An award of unpaid overtime compensation and unpaid minimum wages due under the FLSA and the New York Labor Law;

e.  An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.  An award of prejudgment and post-judgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 28, 2013

By: _____
    BRYAN KONOSKI
    Treyvus & Konoski, P.C.
    *Attorney(s) for the Plaintiff*
    305 Broadway, 14th Floor
    New York, NY 10007
    (212) 897-5832

Defendants' Addresses:
CALL-A-HEAD CORP.
CHARLES P. HOWARD
304 Cross Bay Blvd.
Broad Channel, NY 11643

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf and on the behalf of other employees similarly situated to contest the failure of Call-A-Head Corp. and Charles P. Howard to pay, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I have been provided with a copy of a retainer agreement with the Law Offices of Treyvus & Konoski, P.C., and I agree to be bound by its terms.

Dated: May 28, 2013

George Carman
GEORGE CARMAN